UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALY HASSAN,

                 **Case No.**

      Plaintiff,

    - against -            **COMPLAINT**

FARAH FOODS, INC., and
ABDUL-HADY M. KHEDER, *Individually*,

       Defendants.
-------------------------------------------------------------------------X

   Plaintiff, ALY HASSAN, by his attorneys, NISAR LAW GROUP, P.C., hereby

complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>, 29

U.S.C. § 201, *et seq.* ("FLSA") and the <u>New York State Labor Law,</u> Articles 6 & 19 ("NYLL")

for failure to pay minimum wage and overtime wages due and owed for hours worked in excess

of forty (40) hours per workweek.  As a result of Defendants' violations of the NYLL and FLSA,

Plaintiff is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c)

prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred

percent of the total amount of the wages found to be due.

2. Plaintiff also complains pursuant to the <u>Wage Theft Prevention Act</u>, New York Labor Law §

195, *et seq.,* and seeks to redress the damages he has suffered as a result of Defendants' failure to

provide him with written notice of wage rates.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28

U.S.C. §§ 1331 and 1343.

4.  The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

6.  At all times relevant, Plaintiff ALY HASSAN ("Plaintiff") was a resident of the State of New Jersey and Monmouth County.

7.  At all times relevant, Defendant FARAH FOODS INC. ("Defendant Farah") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 401 East 62nd Street, New York, New York 10065.

8.  At all times relevant, Defendant ABDUL-HADY M. KHEDER, MD ("Defendant Kheder") was an employee of Defendant Farah, holding the position of "Owner."

9.  At all times relevant, Defendant Kheder was Plaintiff's supervisor and had supervisory authority over Plaintiff.

10. At all times relevant, Defendant Farah and Defendant Kheder are collectively referred to herein as "Defendants."

11. At all times relevant, Defendants owned, operated, and/or maintained a restaurant, Farah Anatolia NYC, located at 401 East 62nd Street, New York, New York 10065 ("the Restaurant").

12. At all times relevant, Plaintiff was a full-time employee of Defendants.

13. At all times relevant, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff.

14. At all times relevant, Defendants had the power to, and did in fact, establish the terms of Plaintiff's employment, including Plaintiff's duties, schedule, and rate of pay.

15. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work.  As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

16. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

17. At all times relevant, upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had an annual gross volume of sales of not less than $500,000.00.

18. Further, upon information and belief, during Plaintiff's employment with Defendants, Plaintiff routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

### MATERIAL FACTS

19. From on or about October 1, 2018 to on or about December 31, 2019, Plaintiff worked for Defendants as Assistant Manager at the Restaurant.

20. Throughout his employment, Plaintiff regularly worked approximately one hundred (100) hours per week for Defendants.

21. Pursuant to FLSA Regulation 29 CFR 541.2, job title alone does not determine exempt employee status.

22. At all times relevant, Plaintiff's primary duties entailed manual labor and Plaintiff at all relevant times was a non-exempt employee within the meaning of the FLSA and NYLL.

23. During the relevant time period of his employment Plaintiff was responsible for including but not limited to: (1) manually and "on foot" distributing Defendants' marketing flyers / menus to businesses in the area of the subject restaurant; (2) stocking condiments, beer/wine, sodas, baclava, and rice pudding; (3) cooking and processing all food orders before being sent out; (4) delivering food orders via scooter; (5) clearing, cleaning and waiting tables; (6) purchasing supplies for the Restaurant at Defendants' request; (7) opening and closing the Restaurant at the end of the night; (8) providing Defendants with a summary of all cash and credit transactions; (9) locking up the delivery scooters at closing.

24. From on or about December 31, 2017 to December 31, 2018, the minimum wage in New York City was $13.00 per hour, and since December 31, 2018, it has been $15.00 per hour.

25. However, throughout Plaintiff's employment, Defendants wholly failed to compensate Plaintiff at the proper minimum wage rate, in violation of the FLSA and NYLL.

26. Throughout the duration of Plaintiff's employment, Defendants failed to pay Plaintiff any wages at all.

27. At the time of hire or any time thereafter, Plaintiff was not provided with a NYLL 195 wage notice and thereby damaged because he was not made aware of his right to weekly minimum and overtime wages.   And each week he did not receive minimum wage and overtime pay, Defendants concealed and/or delayed Plaintiff's rights or claims to recover those wages.

28. Defendants never provided Plaintiff with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor allowances taken as part of the minimum wage (including, inter alia, tips).

29. Further, as Plaintiff was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for each hour of overtime that Plaintiff worked each week.  However, although Defendants regularly required Plaintiff to work overtime, Defendants wholly failed to compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA 207 and NYLL §651 et seq, 22 NYCRR 142 and 146.

30. From on or about October 1, 2018 to on or about December 31, 2018, even though the minimum wage in New York City was $13.00 per hour, Defendants failed to pay Plaintiff any wages.  Accordingly, during this period, Defendants underpaid Plaintiff approximately **$6,760.00** for all regular non-overtime hours (i.e., the first 40 hours) worked (13 wks. x $13.00 x 40 hrs./wk.).

31. Further, during this same period, Plaintiff worked approximately sixty (60) hours of overtime per week.  The overtime rate during this period was one and one-half times the minimum wage or $19.50/hr.  Accordingly, Defendants underpaid Plaintiff **$15,210.00** for all overtime hours worked during this period (13 wks. x $19.50 x 60 OT hrs./wk.).

32. From on or about January 1, 2019 to on or about December 31, 2019, even though the minimum wage in New York City was $15.00 per hour, Defendants still refused to provide Plaintiff with any wages.  Accordingly, during this period, Defendants underpaid Plaintiff approximately **$31,200.00** for all regular non-overtime hours (i.e., the first 40 hours) worked (52 wks. x $15.00 x 40 hrs./wk.).

33. Further, during this same period, Plaintiff also worked approximately sixty (60) hours of overtime per week.  The overtime rate during this period was one and one-half times the minimum wage ($22.50/hr.).  Accordingly, Defendants underpaid Plaintiff **$70,200.00** for all

overtime hours worked during this period (52 wks. x $22.50 x 60 OT hrs./wk.).

34. As a result, due to Defendants' blatant violations of the NYLL and the FLSA, Plaintiff is

owed a total of **$123,370.00** in **unpaid wages** for work performed for Defendants.

35. Plaintiff has been damaged by Defendants' failure to pay his lawfully earned wages.

36. Defendants' failure to pay Plaintiff his earned wages required by law was willful.

37. Plaintiff was not provided with wage statements that reflected including but not limited to

Plaintiff's hours of work and wages earned per week and year to date at minimum wage with

lawful deductions.   Plaintiff was damaged as a result because Defendants delayed and/or

concealed his claims for Plaintiff's earned minimum and overtime wages.

38. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge

of the law.  As such, Plaintiff demands Liquidated Damages as against both Defendants, jointly

and severally.


### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### MINIMUM WAGE

39. Plaintiff repeats and realleges each and every previous allegation made in the above

paragraphs of this complaint as if fully set forth herein.

40. Defendants willfully employed Plaintiff in the aforementioned covered enterprise and failed

to compensate Plaintiff at the required minimum hourly rate for his employment.

41. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with

the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

42. Defendants' failure to pay proper minimum wages for each hour worked was willful within

the meaning of 29 U.S.C. § 255.  Accordingly, the FLSA statute of limitations covers three years

from the date of the Complaint to on or about October 21, 2019 and Plaintiff seeks liquidated

damages of 100% or double damages for each and every wage and hour violation under FLSA by Defendants.

43. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages in an amount to be determined at trial but no less than an estimated amount of **$123,370.00** in **unpaid wages**, liquidated double or 100% damages, attorneys fees and costs, and pre and post judgment interest.

**AS A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW § 652(1)**
**MINIMUM WAGE**

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

45. Plaintiff was an employee of Defendants within the meaning of the NYLL.

46. The statute of limitations for claims for wages under NYLL is six (6) years from the date of the Complaint or in this case 10/21/2016 which covers the entire period of employment of Plaintiff from on or about 2018 to 2019 that is not covered under FLSA.

47. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work as alleged throughout this complaint.

48. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

49. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142 (NYS Department of Labor ("DOL") Wage Order for Miscellaneous Industries) and 146 (DOL Wage Order for Restaurant and Hospitality Industries).

50. Defendants' actions were willful.

51. Due to Defendants' NYLL violations as alleged throughout this Complaint, Plaintiff is

entitled to recover from Defendants his unpaid minimum wage in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS A THIRD CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**<u>OVERTIME WAGES</u>**

52.     Plaintiff repeats and realleges each and every previous paragraph above as if said paragraph was more fully set forth herein.

53. Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

54. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §207, and its implementing regulations.

55. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. §207(a)(1).

56. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

57. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

58. Plaintiff seeks his unpaid overtime in an amount to be determined at trial, liquidated double or 100% damages for his unpaid overtime wages, attorneys fees and costs, and pre and post judgment interest.

**AS A FOURTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**<u>OVERTIME</u>**

59. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

60. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

61. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

62. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2 or 146-1.4.

63. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

64. Defendants' failure to pay proper overtime wages was willful.

65. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS AND FOR A FIFTH CAUSE OF ACTION
### New York Labor Law Spread of Hours Pay

66. Plaintiffs repeat, reallege and incorporate by reference each and every allegation previously set forth as if fully set forth herein.

67. During all relevant times of Plaintiffs' respective employment, Defendants failed to pay spread of hours pay to either of Plaintiffs in violation of 12 NYCRR §142-2.4 which states in relevant part, "Am employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

68. 22 NYCRR 146-1.6 also states in relevant part, "Spread of hours greater than 10 in restaurants…(a) on each day on which the spread of hours exceeds 10, an employee shall receive one additional hour at the basic minimum hourly rate.

69. As alleged throughout this Complaint at all relevant times the Plaintiff worked in excess of 10 hours per day or approximately 12 hours per day.

70. As alleged throughout this Complaint, Plaintiff worked approximately twelve hours per day and was not compensated for one additional hour of pay when he worked more than 10 hours per day.

71. Accordingly, Plaintiff seeks his unpaid spread of hours pay during the relevant time period, liquidated damages, attorneys fees and costs, pre and post judgment interest, penalties and costs in pursuant to NYLL§ 198.1-a.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FREQUENCY OF WAGE PAYMENT CLAIM

### (DELAYED PAY LIQUIDATED DAMAGES CLAIM  PURSUANT TO NYLL §191, §198(1-a)

72. Plaintiffs repeat and reallege each and every allegation previously set forth as if fully set forth herein.

73. NYLL 198(1-a) provides a private cause of action for a violation of NYLL §191.

74. "underpayment" within the meaning of NYLL 198 (1-a) encompasses instances where the employer violates the frequency of payment requirements under NYLL 191(1)(a) but pays all wages due before the commencement of an action.  Accordingly, the liquidated damages remedy applies to the failure to pay wages on time or partial payment of wages.

75. 12 NYCRR 142-2.9 states, "[t]he minimum and overtime wage provided by this Part shall be

required for each week of work, regardless of the frequency of payment, whether the wage is on a commission, bonus…or any other basis."   Accordingly Plaintiffs were entitled to be paid minimum wage and overtime each work week regardless of whether or not they were paid on a commission basis only.

76. During the workweeks that Plaintiffs were paid no wages at all, they are entitled to that full pay based on their respective hours worked and in addition, they are entitled to delayed pay liquidated damages of 100% of that unpaid or delayed weekly pay amount.

77. The purpose of NYLL §198 is to remedy an employee's loss of the use of money whether he/she is never paid, partially paid, or paid late.   Therefore a late payment of wages is an underpayment within the meaning of NYLL 198.   The purpose of NYLL 191 was to protect manual workers who are generally dependent on their wages for sustenance.

78. NYLL §198 (1-a) states in pertinent part, "In any action instituted in the courts upon a wage claim by an employee…the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, and…an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety four of this article."

79. At all relevant times of their respective employment, Plaintiffs were not consistently paid weekly wages knowing Plaintiffs were manual employees as pleaded throughout this Complaint and Defendants are liable for 100% of all underpayments or non-payment of wages that were delayed.

80. Plaintiff Hassan worked approximately 60 weeks throughout the relevant period of his employment.  For all of those weeks worked, Plaintiff was not paid or underpaid minimum and

spread of hours wages.  Accordingly Plaintiff is due 100%  liquidated damages for all of his

weekly wage amounts that were unpaid or paid late as a result of Defendants' unlawful wage

underpayment and late wage payment practices.

81. During this time Plaintiff lost the benefit of his weekly wages each time he was paid late and

every Defendants were aware that Plaintiff was a manual laborer and NYLL required that he be

paid on a weekly basis but Defendants willfully disregarded the NYLL and paid Plaintiff late.

82. Accordingly, Plaintiff should be awarded 100% liquidated damages pursuant to NYLL §198

(1-a) for delayed pay in addition to all other damages as set forth *supra* for Defendants' violation

of NYLL §191 plus pre and post judgment interest, attorneys fees and costs.

## AS A SIXTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## WAGE NOTICE REQUIREMENT

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint as if same were set forth herein fully at length.

84. The NYLL and supporting regulations require employers to provide written notice of the rate

or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as a part of minimum wage, including tip,

meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of

employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer. NYLL §195-1(a).

85. Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195,

which requires all employers to provide written notice in the employee's primary language about

the terms and conditions of employment related to rate of pay, regular pay cycle and rate of

overtime on her first day of employment.

86. Defendants not only failed to provide notice to Plaintiff at time of hire but failed to provide notice to Plaintiff at any time thereafter.

87. At the time of hire or any time thereafter, Plaintiff was not provided with a NYLL 195 wage notice and thereby damaged because he was not made aware of his right to weekly minimum and overtime wages.   And each week he did not receive minimum wage and overtime pay, Defendants concealed and/or delayed Plaintiff's rights or claims to recover those wages.

88. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

### AS AND FOR A SEVENTH CAUSE OF ACTION
**New York Labor Law (NYLL) § 195 (3) – Failure to Provide Accurate Wage Statements**

89. Plaintiff repeats, realleges and incorporates by reference each and every allegation previously set forth as if fully set forth herein.

90. As alleged throughout this complaint, Defendants failed to provide Plaintiffs with proper and accurate wage statements throughout their respective employment listing, including but not limited to:  all regular hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

91. Defendants failed to maintain proper and accurate time records and accurately reflect Plaintiffs' minimum and overtime hours and wages due as alleged throughout this Complaint.

92. Plaintiff was damaged as a result because Defendants delayed and/or concealed his claims as accurate wage statements would have provided evidence of Plaintiff's earned minimum and overtime wages.

93. At all relevant times to date, Defendants' willful failure to provide and/or maintain accurate

wage statements or business records enabled Defendants' to deny owing any wages to Plaintiff.

94. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d) plus attorneys fees and costs.

**AS AND FOR A EIGHTH CAUSE OF ACTION**

**Compensation for accrued and unused sick hours pursuant to New York City Sick Leave Act pursuant to Title 20 of New York City Admin. Code §20 -911 et seq**

1.      Plaintiff repeats and re-alleges each and every allegation previously set forth as if fully set forth herein.

2.      Effective on or about May 5, 2018, the New York City Sick Leave law required employers with up to 99 employees to provide paid 40 sick hours in calendar year and 56 paid sick hours if the employer employed 100 or more employees in the aggregate.

3.      Under NYC law employers were mandated to provide notice to employees of their rights to these paid sick hours.

4.      Under NYC law, employers were mandated to record and provide to each employee, year to date accrued and used sick hours on each wage statement.

5.      Under NYC law, employers were required to roll over accrued and unused sick pay hours or compensate employees at their regular hourly wage rates for the unused sick pay hours.

6.      During all relevant times of Plaintiffs' employment, Plaintiff regularly worked at client restaurant located in the New York County  and was covered under the NYC sick leave law.

7.      Defendants failed to provide notice to Plaintiff of his paid sick hours rights under NYC sick leave law yet knew at all relevant times that they were subject to NYC laws and rules and regulations.

8.      During all relevant time periods, Defendants failed to maintain and record Plaintiffs'

respective accrued and used sick hours on their wage statements.

9.      During all relevant time periods, Defendants willfully denied Plaintiffs' unused sick

hours compensation and did not roll over their unused sick hours.

10.     Accordingly, Plaintiffs seek compensation for unused sick hours during their relevant

periods of employment, liquidated damages, pre and post judgment interest, costs and attorney

fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant and order and judgment

against Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by the

    FLSA and the NYLL by failing to pay Plaintiff his earned wages at the proper minimum

    wage and overtime rates;

B.  Declaring that Defendants engaged in unlawful employment practices prohibited by the

    NYLL by failing to give proper wage notice;

C.  Awarding damages to Plaintiff for all unpaid wages due under the FLSA and the NYLL;

D.  Award spread of hours pay damages for all work days Plaintiff worked more than 10 hours and

    an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §

    663(1) in amounts to be determined at the time of trial; and

E.  Awarding Plaintiff liquidated damages of 100% under the FLSA and NYLL as a result of

    Defendants' willful failure to pay minimum and overtime wages;

F.  Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage

    notice as required under the NYLL 195(1) and §198 (1-d); and

G.  Award Plaintiff statutory penalties of two hundred fifty dollars ($250) per workday up to five

thousand dollars ($5,000) for Defendants' failure to provide Plaintiff with accurate wage statements, pursuant to NYLL § 195 (3), §198 (1-d); and

H. Awarding Frequency of Pay or delayed wage damages of 100% of the delayed pay pursuant to NYLL 191(1)(a) and 198(1-a); and

I. Awarding Compensation for Plaintiff's accrued and unused sick hours for the relevant period of his employment with Defendants pursuant to NYC sick leave law, together with liquidated damages, penalties and attorney fees and costs; and

J. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action pursuant to the FLSA and NYLL; and

K. Awarding Plaintiff pre-judgement interest of nine per cent per annum (9%) pursuant to NYLL §198 and the New York Civil Practice Law and Rules §§ 5001- 5004; and

L. Awarding Plaintiff post-judgment interest pursuant to the New York Civil Practice Law and Rules § 5003; and

M. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.


Dated: New York, New York
        October 26, 2022

**NISAR LAW GROUP, P.C.**
*Attorneys for Plaintiff*


_____

BY:    Susan Ghim, Of Counsel
       One Grand Central Place
       60 East 42nd St., Ste. 4600
       New York, NY 10165
       Email: sghim@nisarlaw.com
       Ph: (646) 889-1011


16